CASE 105—APPEAL FROM CITY COURT—MAY 31.

# Shelby County Trust Company v. Board of Trustees of Shelbyville.

### APPEAL FROM SHELBY CIRCUIT COURT.

TAXATION OF CORPORATIONS.—Under a statute authorizing the taxation of the capital stock of a corporation, the tax may, as a general rule, be imposed upon the authorized capital stock, and not merely the capital stock actually paid in, in the absence of any restriction in the statute.

Where a trust company is empowered to act as trustee, guardian, etc., and its capital stock is the only security required, its capital stock should be paid in, or be secured to be paid in, and, therefore, the presumption is, that the nominal amount of its stock is its real value, and it should be taxed accordingly.

Shelby County Trust Company v. Board of Trustees of Shelbyville.

L. A. WEAKLEY, J. C. BECKHAM FOR APPELLANT.

Appellant is taxable only upon its capital stock paid in, and not upon its authorized capital stock. (Franklin County Court v. Deposit Bank of Frankfort, 87 Ky., 370.)

L. C. WILLIS FOR APPELLEES.

1. No appeal lies from the judgment of the Shelbyville City Court in such a proceeding as this. (Amendment to charter, approved February 9, 1884, page 24 of charter, section 5; General Statutes, page 395.)

    Appeals do not lie as matter of right, but there must be some clear and explicit statute granting the appeal, or the appellate courts wil deny the right. (Turner v. Johnson County Court, 14 Bush, 411.)

2. The appellant is taxable upon its authorized capital stock, and not merely upon its capital stock paid in. (Wood's Railway Law, page 42; Hightower v. Thornton, 8 Ga., 486; State Bank v. Milwaukee, 18 Wis., 281; Morawetz on Private Corporations, 273-280; Angell & Ames on Corporations, section 454.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, at the time it instituted this suit, did business in the town of Shelbyville under articles of incorporation filed in the county clerk's office pursuant to chapter 56, General Statutes. Its capital stock was fifty thousand dollars.

The appellee's charter provides: "That the board of trustees of said town be, and they are hereby, authorized and empowered to assess, levy, and collect annually a tax not exceeding fifty cents on each one hundred dollars of real and personal estate within the limits of said town, including real and personal estate owned by banks and other corporations, and the capital stock and surplus assets of banks and other corporations."

The appellee assessed and levied a tax of fifty cents on each one hundred dollars of appellant's fifty thousand dollars of capital stock. The appellant admits the

appellee's right to tax it under the provision of its char-
ter quoted, but denies its right to tax it for a greater
sum than its capital stock paid in, which is only five
thousand dollars. The appellant relies on the cases
of Franklin County Court, &c., v. Deposit Bank of
Frankfort, 87 Ky., 370, in support of this view. The
appellant understands those cases to decide that the
capital stock of corporations is the money authorized
to be paid in and actually paid in; from which it is
argued that shares of stock not paid in do not con-
stitute capital stock for the purpose of taxation.
The court did say in those cases that the State could
only tax the capital stock paid in, but we said so
for the reason that the charters of the banks re-
stricted the right of the State to tax the capital
stock of the banks actually paid in; but, unless thus
restricted, the opinion shows that a different rule or-
dinarily prevails. Here the appellant's business was
to act as trustee, committee, administrator, guardian,
&c., and its capital stock was to be taken as surety
on its bonds in such cases; and in order that the
surety of this trust should be adequate, it should be
paid in or secured to be paid in; and if it should
become insolvent, the same reason would exist for
taking action against the corporation that exists in
individual cases. So it will be seen that the ap-
pellant's stock paid in, and secured to be paid in,
is its trust fund and assets upon which it does busi-
ness, and its payment may be enforced at any time
in order to meet its business obligations. The pre-
sumption is that its real value is its nominal amount,
and it should be taxed accordingly. There is no more

reason why it should not be thus taxed than in the case of a solvent promissory note which is taxed at its nominal amount   It is upon the principle of property value that this capital stock paid in, and secured to be paid in, is taxed at its nominal amount, and to allow the appellant to do business on it, and not pay taxes on it because the money has not been actually paid in, would be an evasion of its proportionate burdens of government.   The appellee having the power to tax such property, the same rule applies.

The judgment is affirmed.